EASTERN DIST.
*May,* 1836.

GUESNO'S HEIRS
*vs.*
CUCULLU, EX'R.
ETC.

GUESNO'S HEIRS *vs.* CUCULLU, EXECUTOR, &c.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

The heirs have the right at any time to claim and take the seizin and possession of the estate from the testamentary executor, on offering him a sufficient sum to pay the moveable legacies.

Where the executor refused to pay over the funds of the estate to the heirs, on a rule requiring him to do so, but appealed, he was mulcted in five per cent. damages on the amount in his hands for the delay.

In this case the heirs of Madame Guesno, deceased, took a rule on the defendant who was testamentary executor of the deceased, to show cause why he should not deliver over the seizin and possession of the estate to the heirs, and file an account to ascertain the amount coming to them. The executor filed his account, to some parts of which opposition was made.

On the trial of the rule, the judge of probates made it absolute so far as regards the sum of ten thousand four hundred and eighty-six dollars, which remained in his hands, undisputed. The executor appealed.

*L. Janin,* for the heirs and appellees.

*De Armas,* for the appellant.

*Bullard, J.,* delivered the opinion of the court.

The appellant being executor of the last will of the widow Guesno, rendered an account of his administration at the

EASTERN DIST.
May, 1836.

GUESNO'S HEIRS
vs.
CUCULLU, EX'R.
ETC.

instance of some of the minor heirs of the testatrix, who demanded seizin of the estate, to which an opposition was filed in relation to some of the items. There appeared to be due to the minors who had made opposition, a sum of about ten thousand dollars, independently of the disputed items of the account. The minor heirs claim a right to receive that amount under article 1664 of the code, which declares that the heir can at any time take the seizin from the testamentary executor, on offering him a sufficient sum to pay the moveable legacies. Accordingly, pending the contest on the disputed items, they took a rule on the executor to show cause, why he should not deliver to the heirs such portions of the estate as he acknowledged to be coming to them, reserving the disputed items; and why a writ of *fieri facias* and possession, or a writ of distringas should not issue in case of refusal to comply with the order of the court. This rule after argument was made absolute, and the executor after an ineffectual attempt to obtain a new trial, appealed.

*The heirs have the right at any time, to claim and take the seizin and possession of the estate from the testamentary executor, on offering him a sufficient sum to pay the moveable legacies.*

We have looked in vain into the record for any legal ground upon which the defendant alleges any right to retain possession of any portion of the estate, to which he admits the heirs are entitled. Nor has he thought proper to favor us with any argument, either written or oral in support of such pretensions. The article of the code relied on by the appellees would be a dead letter, if its provisions could be frustrated by such proceedings. Believing that the only object in taking this appeal was delay, we feel bound to grant the prayer of the appellee, and to award damages.

*Where the executor refused to pay over the funds of the estate to the heirs, on a rule requiring him to do so, but appealed, he was mulcted in five per cent. damages on the amount in his hands, for the delay.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed with five per cent. damages, on the sum of ten thousand four hundred and eighty dollars and eighty-three cents, and costs of the appeal.